VIRGINIA:   IN THE CIRCUIT COURT OF THE COUNTY OF HENRICO

GEOFF MCDONALD & ASSOCIATES, P.C., )
a Virginia professional corporation, )
)
)
Plaintiff, )
)
v. )   Case No.: cc22-5252
)
BEASLEY, ALLEN, CROW, METHVIN, )
PORTIS & MILES, P.C., )
an Alabama professional corporation, )
c/o W. Daniel "Dee" Miles, III )
218 Commerce Street )
Montgomery, Alabama 36104 )
)
SERVE: Secretary of the Commonwealth of Virginia )
)
Defendant. )

## COMPLAINT

Plaintiff, Geoff McDonald & Associates, P.C. ("GMA"), states as follows for its Complaint against Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. ("Beasley Allen" or "BA"):

### Parties

1. GMA was formed by Geoff McDonald ("Geoff"), an attorney licensed to practice law in the Commonwealth of Virginia, approximately 30 years ago and is a well-respected personal injury law firm practicing in Henrico County, Virginia. Geoff is and has always been the managing member of GMA.

2. Beasley Allen is an Alabama professional corporation located in Montgomery, Alabama, and the firm practices in many states throughout the United States.



Aug 23, 2022
RECEIVED & FILED IN OFFICE

Deputy Clerk, Henrico Circuit Court

1

3. This matter arises out of a contract entered into by the parties in Henrico County. The parties reached an agreement regarding the sharing of fees in class action litigation claims against insurance companies, which were to be filed in other jurisdictions in the United States.

**Factual Allegations**

4. Gibson Vance ("Vance") is a senior partner in Beasley Allen and Vance and Geoff developed a close, personal, and professional relationship over the years. Geoff and Vance, and their respective firms, often referred cases to each other.

5. The relationship between Geoff and Vance existed for many years when in 2015 GMA was presented with an opportunity to become involved in unique class action litigation concerning alleged insurance fraud pervasive in the industry. Specifically, the defendant-insurance companies unjustifiably increased the cost of insurance ("COI") on certain universal life products. The COI rate increases affected over 7,500 universal life policies. Additionally, over 3,000 other policies were considered for these COI rate increases, and these policyholders would also be included as potential class members. This potential opportunity came from Geoff's consulting expert, Tom Gober ("Gober"), and Geoff and Gober worked together to develop the facts which later became the basis of the *"Dickman* Litigation," which was the first-class action case arising out of the insurance fraud.

6. As a result of Geoff's relationship with Vance, Geoff contacted Vance on October 8, 2015, to discuss working together with Beasley Allen on this class action litigation.

7. Thereafter, on October 21 and November 3, 2015, Dee Miles ("Miles"), a partner at Beasley Allen, traveled to Richmond and Henrico to meet with Geoff. Following the meetings,

the two firms agreed to pursue class action litigation against the insurance companies with both firms—GMA and Beasley Allen—acting as co-counsel in the class actions to be filed in the future in any of these cases.

8. The first case filed under this agreement was captioned *Richard Dickman v. Banner Life Insurance Company, et al.*, No. 1:16-cv-00192, in the United States District Court for the District of Maryland (Northern Division) (the "*Dickman* Litigation"). This complaint was filed in January 2016.

9. GMA and Beasley Allen recognized the potential for a number of cases with the same issues and based upon the trust they had for each other and their longstanding personal and professional relationship, entered into a binding agreement as to their general responsibilities for these class action matters and further agreed that the fees would be split equally between the two firms after a portion would be paid to a local counsel.

10. Beginning in October 2015, based upon the understanding between the two firms, GMA spent weeks developing the theories and drafting the complaint which was ultimately to be used in the *Dickman* Litigation and for other cases which would be brought in the future.

11. The *Dickman* complaint was the first complaint to be filed. In accordance with the fee sharing agreement they had entered into, and a result of bringing in a third firm to work on the case, the parties prepared and executed a letter dated January 19, 2016 that provided that GMA and Beasley Allen would split equally all attorneys' fees other than those to special counsel. This fee split between GMA and Beasley Allen in the *Dickman* Litigation was 35.8% to each firm. This was the agreement in the *Dickman* Litigation and was the agreement entered into for handling any other cases to be filed in the future, which would include the *USFL* Litigation (as defined, below).

3

12. Pursuant to the agreement between the two firms as it relates to the class action litigation to be pursued, both GMA and Beasley Allen also agreed to split and advance the costs equally to be reimbursed if the cases were successful based upon the costs they advanced. This applied to all of the class action cases which they undertook.

13. After the *Dickman* complaint was filed there was a second case that GMA and Beasley Allen agreed to undertake under this agreement which was captioned *Vivian Farris v. U.S. Financial Life Insurance Company* (the "USFL Litigation").

14. This case was very similar to the *Dickman* Litigation and the parties proceeded and the complaint, which was very similar to the complaint filed in the *Dickman* Litigation, was filed on June 19, 2017 in the U.S. District Court for the Southern District of Ohio, Case No. 1:17-cv-00417. The complaint reflected GMA and Beasley Allen were co-counsel and that Goldenberg Schneider ("Goldenberg") was local counsel.

15. The understanding and agreement as to the fee sharing agreement in the *USFL* Litigation was identical to the *Dickman* Litigation and the parties proceeded based upon that agreement to split the fees equally and to front the costs together and to allocate 10% to Goldenberg. Since the agreement was in place there was no separate letter in the *USFL* Litigation and both firms proceeded as co-counsel in that litigation, with GMA to receive 45% of the fees and Beasley Allen to receive 45% of the fees. The pleadings in that case reflect that GMA and Beasley Allen were co-counsel in the *USFL* Litigation up until the point where the case had been settled and Beasley Allen then, on its own, and without the knowledge or consent of GMA, removed GMA from the pleadings as co-counsel in order to try to improperly capture all of the fees.

16. There were never any disputes or questions regarding the fee agreements at any time up until the *Dickman* Litigation was settled in 2019, two years after the *USFL* Litigation was filed. At that time, the parties learned there was a fee of approximately $8,000,000.00 in the *Dickman* Litigation, and Beasley Allen chose to ignore their agreement and tried to capture the lion's share of the fee.

17. GMA objected to the actions of Beasley Allen and GMA informed BA that they intended to enforce the fee sharing agreement they had in place.

18. U.S. District Judge Richard D. Bennett in Maryland referred this fee dispute to a Special Master, Frederic N. Smalkin, a former Federal District Judge in Maryland, before the settlement was finalized. Judge Smalkin issued his report on November 17, 2020, finding that Beasley Allen wrongly ignored the fee-splitting agreement between the parties and issued his findings and recommendations enforcing the agreement wherein GMA and Beasley Allen are each to receive 35.8% of the fees in the *Dickson* case and each were to recover the costs they advanced.

19. Subsequent to this ruling, on April 23, 2021, a motion was filed in the *USFL* case to approve an unopposed settlement agreement and that motion reflected that GMA and Beasley Allen continued to be co-counsel of record in that case and the settlement was approved while both were co-counsel.

20. Thereafter on October 11, 2021, after the settlement in the *USFL* case had been approved—and without the knowledge or authorization of GMA—Beasley Allen and Miles filed a motion for attorneys' fees. However, in filing this motion, and for the first time, Beasley Allen and Miles removed GMA from that motion as co-counsel. The motion sought attorneys' fees of $4,600,000 and costs of $371,572.77 and the motion was granted. This was done without the knowledge or consent of GMA.

21. On or about January 6, 2022, Dennis Bailey, an attorney with Rushton & Stakley, on behalf of Beasley Allen, sent GMA a letter with a check in the amount of $61,029.82 to reimburse GMA for its costs which had been advanced in the *USFL* case. The letter acknowledged that this payment was without prejudice to the claims that GMA had for attorneys' fees in both the *Dickman* and *USFL* Litigation. GMA had advanced those costs based upon the agreement that it had with Beasley Allen.

22. On July 26, 2022, in accordance with the agreement between the parties, Miles sent a letter to counsel for GMA, including a check in the amount of $446,615.63 representing reimbursement of expenses incurred in the *Dickman* Litigation. GMA had advanced those costs based upon the agreement it had with Beasley Allen.

23. Upon information and belief, in the *USFL* case, Miles and Beasley Allen have now disbursed a check to Beasley Allen in the amount of $4,600,000 (less the share to local counsel) which was improper and in breach of Beasley Allen's agreement with GMA. This check was for the full amount of the attorneys' fees awarded in the *USFL* Litigation, which was in direct breach of the agreement between the parties as alleged herein.

24. GMA was entitled to 45% of the $4,600,000 which amounts to $2,070,000 and this money was wrongly taken by Beasley Allen in beach of their agreement with GMA.

25. GMA has made demand upon Beasley Allen to pay them the sum of $2,070,000 pursuant to their agreement with BA as alleged herein and BA has failed and refused to make that payment.

## COUNT I
### Breach of Oral Agreement

26. GMA repeats and realleges each allegation in the preceding paragraphs as though set forth in full herein.

27. The parties entered into a binding and fully enforceable agreement to share fees in the class action litigation as alleged herein and Beasley Allen breached that agreement when it disbursed all of the fees in the *USFL* Litigation to itself.

28. As a result of the breach of that agreement, GMA is entitled to judgement against Beasley Allen in the amount of $2,070,000 together with its interest and costs, and its counsel fees.

## COUNT II
### Conversion

29. GMA repeats and realleges each allegation in the preceding paragraphs as though set forth in full herein.

30. GMA was counsel of record in the *USFL* Litigation up until the point where unbeknown to GMA, Miles filed its motion for attorney's fees and removed GMA as counsel of record.

31. GMA in accordance with the agreement reached between the parties remained counsel of record in the *USFL* Litigation, performed its duties as requested, advanced costs as requested, yet Miles and Beasley Allen covertly removed GMA as counsel of record and disbursed all of the funds to Beasley Allen.

32. Beasley Allen, having removed GMA from the pleadings and in consummating the settlement, has now wrongfully obtained, and retained fees paid in the *USFL* case that should have been transmitted to GMA.

33. BA is continually holding the fees which belong to GMA, without explanation and without any proper purpose for withholding such fees that belong to GMA.

34. Beasley Allen's conversion of Plaintiffs' money, in the amount of $2,070,000, has deprived GMA of its property by BA's unauthorized act in assuming dominion and control, despite GMA's demand for its return.

35. As a result of Beasley Allen's conversion, GMA has been damaged in an amount of $2,070,000, plus interest thereon to the date of entry of judgment.

WHEREFORE, GMA prays that this Court enter judgement against Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. in the amount of $2,070,000 together with pre- and post-judgment interest, its costs, and counsel fees expended herein, and such other relief as the Court deems equitable.

GEOFF MCDONALD & ASSOCIATES, P.C.

By: _____
Of Counsel

William D. Bayliss, Esq.
VSB #13741
Brendan D. O'Toole, Esq.
VSB #71329
Joseph E. Blackburn, III, Esq.
VSB #81871
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, VA 23219
Telephone: (804) 420-6000
Fax: (804) 420-6507
bbayliss@williamsmullen.com
botoole@williamsmullen.com
jblackburn@williamsmullen.com
*Counsel for Co-Class Counsel Geoff McDonald & Associates, P.C.*

100816133.4

8



***SCANNED***
**DLT**

# RECEIVED

AUG 23 2022

CLERK'S OFFICE
HENRICO CIRCUIT COURT

## COVER SHEET FOR FILING CIVIL ACTIONS
COMMONWEALTH OF VIRGINIA

Case No. .........CC22-5252.........
(CLERK'S OFFICE USE ONLY)

Henrico ........................ Circuit Court

Geoff McDonald & Associates, P.C. ....... v./In re: ....... Beasley, Allen, Crow, Methvin, Portis & Miles, PC
PLAINTIFF(S) — DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [x] attorney for [x] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

**GENERAL CIVIL**
**Subsequent Actions**
- [ ] Claim Impleading Third Party Defendant
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Counterclaim
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Cross Claim
- [ ] Interpleader
- [ ] Reinstatement (other than divorce or driving privileges)
- [ ] Removal of Case to Federal Court

**Business & Contract**
- [ ] Attachment
- [ ] Confessed Judgment
- [x] Contract Action
- [ ] Contract Specific Performance
- [ ] Detinue
- [ ] Garnishment

**Property**
- [ ] Annexation
- [ ] Condemnation
- [ ] Ejectment
- [ ] Encumber/Sell Real Estate
- [ ] Enforce Vendor's Lien
- [ ] Escheatment
- [ ] Establish Boundaries
- [ ] Landlord/Tenant
  - [ ] Unlawful Detainer
- [ ] Mechanics Lien
- [ ] Partition
- [ ] Quiet Title
- [ ] Termination of Mineral Rights

**Tort**
- [ ] Asbestos Litigation
- [ ] Compromise Settlement
- [ ] Intentional Tort
- [ ] Medical Malpractice
- [ ] Motor Vehicle Tort
- [ ] Product Liability
- [ ] Wrongful Death
- [ ] Other General Tort Liability

**ADMINISTRATIVE LAW**
- [ ] Appeal/Judicial Review of Decision of (select one)
  - [ ] ABC Board
  - [ ] Board of Zoning
  - [ ] Compensation Board
  - [ ] DMV License Suspension
  - [ ] Employee Grievance Decision
  - [ ] Employment Commission
  - [ ] Local Government
  - [ ] Marine Resources Commission
  - [ ] School Board
  - [ ] Voter Registration
  - [ ] Other Administrative Appeal

**DOMESTIC/FAMILY**
- [ ] Adoption
  - [ ] Adoption – Foreign
- [ ] Adult Protection
- [ ] Annulment
  - [ ] Annulment – Counterclaim/Responsive Pleading
- [ ] Child Abuse and Neglect – Unfounded Complaint
- [ ] Civil Contempt
- [ ] Divorce (select one)
  - [ ] Complaint – Contested*
  - [ ] Complaint – Uncontested*
  - [ ] Counterclaim/Responsive Pleading
  - [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
- [ ] Separate Maintenance
  - [ ] Separate Maintenance Counterclaim

**WRITS**
- [ ] Certiorari
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Prohibition
- [ ] Quo Warranto

**PROBATE/WILLS AND TRUSTS**
- [ ] Accounting
- [ ] Aid and Guidance
- [ ] Appointment (select one)
  - [ ] Guardian/Conservator
  - [ ] Standby Guardian/Conservator
  - [ ] Custodian/Successor Custodian (UTMA)
- [ ] Trust (select one)
  - [ ] Impress/Declare/Create
  - [ ] Reformation
- [ ] Will (select one)
  - [ ] Construe
  - [ ] Contested

**MISCELLANEOUS**
- [ ] Amend Death Certificate
- [ ] Appointment (select one)
  - [ ] Church Trustee
  - [ ] Conservator of Peace
  - [ ] Marriage Celebrant
- [ ] Approval of Transfer of Structured Settlement
- [ ] Bond Forfeiture Appeal
- [ ] Declaratory Judgment
- [ ] Declare Death
- [ ] Driving Privileges (select one)
  - [ ] Reinstatement pursuant to § 46.2-427
  - [ ] Restoration – Habitual Offender or 3rd Offense
- [ ] Expungement
- [ ] Firearms Rights – Restoration
- [ ] Forfeiture of Property or Money
- [ ] Freedom of Information
- [ ] Injunction
- [ ] Interdiction
- [ ] Interrogatory
- [ ] Judgment Lien-Bill to Enforce
- [ ] Law Enforcement/Public Official Petition
- [ ] Name Change
- [ ] Referendum Elections
- [ ] Sever Order
- [ ] Taxes (select one)
  - [ ] Correct Erroneous State/Local
  - [ ] Delinquent
- [ ] Vehicle Confiscation
- [ ] Voting Rights – Restoration
- [ ] Other (please specify)

[ ] Damages in the amount of $ 2,070,000.00 ............. are claimed.

8/23/2022
DATE

/s/ William D. Bayliss
[ ] PLAINTIFF  [ ] DEFENDANT  [x] ATTORNEY FOR PLAINTIFF

***SCANNED***

William E. Bayliss, Esq.
PRINT NAME

Williams Mullen, P.O. Box 1320, Richmond, VA  23218-1320
ADDRESS/TELEPHONE NUMBER OF SIGNATOR
804-420-6459

bbayliss@williamsmullen.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 07/16

# WILLIAMS MULLEN

Kitty Bice, ACP
Direct Dial: 804.420-6522
kbice@williamsmullen.com

August 23, 2022

<u>Via Hand Delivery</u>
Heidi S. Barshinger, Clerk
Henrico County Circuit Court
4309 E. Parham Road
Henrico, VA 23273-0775

Re: Geoff McDonald & Associates, P.C. v.
<u>Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.</u>

CL22-5252

Dear Ms. Barshinger:

Please find enclosed the original and one copy of a Complaint in the above-referenced matter together with our check in the amount of $346.00 for the filing fee. Please file the original with the Court and <u>prepare a Summons for service through the Secretary of the Commonwealth. Please send me the service copy so that I may serve it through the Secretary of the Commonwealth.</u>

I thank you for your assistance and cooperation. Please call if you have any questions.

Very truly yours,

*Kitty Bice*

Kitty Bice, ACP
Sr. Litigation Paralegal

\*\*\*SCANNED
DLT

Enclosures

100918695.1

**RECEIVED**

AUG 23 2022

CLERK'S OFFICE
HENRICO CIRCUIT COURT

Williams Mullen Center | 200 South 10th Street, Suite 1600 (23219) P.O. Box 1320 Richmond, VA 23218 williamsmullen.com
T 804.420.6000 F 804.420.6507 DC NC VA | A Professional Corporation

| AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH | Case No. CL22-5252 |
|---|---|

Commonwealth of Virginia    VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

Henrico County Circuit Court ........................... Circuit Court

| Geoff McDonald & Associates, P.C. | v. | Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. |
|---|---|---|
| c/o Bill Bayliss, Esq. Williams Mullen, P.O. Box 1320 | | c/o W. Daniel Miles, III 218 Commerce St. |
| Richmond VA, 23218 | | Montgomery AL, 36104 |

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments:   ☒ Summons and Complaint      ☐ Notice
                                              ☐

I, the undersigned Affiant, state under oath that
☒ the above-named defendant   ☐ ..........................................................
   whose last known address is   ☒ same as above ☐ ..........................................

1. ☒ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).
2. ☐ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

_____ is the hearing date and time on the attached process or notice (if applicable).

8/30/22
DATE

☐ PARTY  ☒ PARTY'S ATTORNEY  ☐ PARTY'S AGENT  ☐ PARTY'S REGULAR AND *BONA FIDE* EMPLOYEE

State of VIRGINIA    ☒ City ☐ County of RICHMOND

Acknowledged, subscribed and sworn to before me this day by CATHERINE W. SPROUSE
PRINT NAME OF SIGNATORY

8/30/22
DATE

☐ CLERK  ☐ MAGISTRATE  ☒ NOTARY PUBLIC

Notary Registration No. 220315    My commission expires: 10/31/2024

☐ Verification by the clerk of court of the number of filing of the certificate of compliance is requested. A self-addressed stamped envelope was provided to the clerk at the time of this Affidavit.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

**CERTIFICATE OF COMPLIANCE**
I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On SEP 0 1 2022 ........................., legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On SEP 14 2022 ........................., papers described in the Affidavit and a copy of this Affadavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

SEP 2 0 2022
RECEIVED & FILED IN OFFICE
Deputy Clerk, Henrico Circuit Court

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 07/13

***SCANNED***
BDG

RECEIVED

SEP 20 2022

CLERK'S OFFICE
HENRICO CIRCUIT COURT