**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| GEOFF MCDONALD & ASSOCIATES, P.C., | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 3:22-cv-658 (RCY) |
| | ) |
| BEASLEY, ALLEN, CROW, METHVIN, | ) |
| PORTIS & MILES, P.C., | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER**

Defendant Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. ("Beasley Allen"), by counsel, files this memorandum in support of its Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, 28 U.S.C. §§ 1404 and 1406, and Local Civil Rule 7(F).

**INTRODUCTION**

This matter involves a dispute between two law firms over the division of a fee approved and awarded by the United States District Court for the Southern District of Ohio in connection with final approval of a class action settlement in the case of *Farris v. U. S. Financial Life insurance Company*, Civil Action No. 1:17-cv-417 (MWM) (hereinafter the "*Farris*" case).[1] Plaintiff Geoff McDonald & Associates, P.C. ("GMA") contends that it is owed 45% of the $4,600,000 fee awarded to class counsel in the *Farris*

---

[1] The Hon. Matthew W. McFarland presided over the *Farris* case.

case pursuant to an oral agreement it had with Beasley Allen, an Alabama firm that was appointed lead class counsel by Judge McFarland in the *Farris* case.

Because the court that approved the settlement and fee award in the *Farris* case expressly retained jurisdiction over disputes between any attorneys related to their respective shares of any award of fees or expenses, the Southern District of Ohio is the exclusive and only proper venue for this action, and it must be dismissed under Rule 12(b)(3) or transferred to the Southern District of Ohio under 28 U.S.C. § 1406. Alternatively, this matter should be transferred to the Southern District of Ohio under 28 U.S.C. § 1404, for the convenience of the parties and witnesses, and in the interests of justice.

## **FACTS**

GMA contends that following two meetings in October and November of 2015, it entered into an oral agreement with Beasley Allen to pursue class action litigation, as co-counsel, against insurance companies that had unlawfully increased the cost of insurance, or COI, under certain universal life products. (Compl. ¶¶ 5, 7). According to GMA, it reached an oral agreement with Beasley Allen wherein the parties agreed "as to their general responsibilities for these class action matters and further agreed that the fees would be split equally between the two firms after a portion would be paid to a local counsel." (Compl. ¶ 9). The first case the parties worked on together was the *Dickman v. Banner Life Insurance Company* case, filed in the United States District Court for the District of Maryland in January 2016 (hereinafter the "*Dickman*" case). (Compl. ¶ 8). A written letter agreement between GMA, Beasley Allen, and others was entered into with

2

respect to attorneys' fees in the *Dickman* case, and it provided for a fee split that included 38.5% each to GMA and Beasley Allen. (Compl. ¶ 11).[2]

On June 19, 2017, Beasley Allen filed the *Farris* case in the Southern District of Ohio on behalf of Vivian Farris, a resident of Jackson, Mississippi. (Compl. ¶ 14). There was no written letter agreement as to how fees would be split in the *Farris* case. (Compl. ¶ 15). Beasley Allen and local counsel in Ohio litigated the *Farris* case in the Southern District of Ohio for over four years, ultimately leading to the Court in *Farris* approving a class action settlement, and an award of fees of $4,600,000, and costs of $371,572.77. (Compl. ¶ 20; *see also* **Exhibit B** hereto, Final Approval Order (ECF No. 74), ¶ 18).[3]

## ARGUMENT

**I.    The Southern District of Ohio retained exclusive jurisdiction over the present dispute.**

Following extensive discovery and negotiations, Beasley Allen obtained a settlement agreement with U.S. Financial Life Insurance Company on behalf of the class in *Farris*. The settlement agreement ultimately approved in *Farris* was filed by Beasley Allen as an exhibit to a Memorandum of Law in Support of Unopposed Motion for Preliminary Approval of Proposed Nationwide Class Action and Preliminary Certification of Settlement Class. (ECF No. 63-1). The Settlement Agreement (ECF No. 63-2) is attached hereto as **Exhibit A.**

---

[2] Although a dispute remains as to the division of the fee ultimately awarded to plaintiffs' counsel in the *Dickman* case, that dispute is not the subject of GMA's claim in this case.

[3] This Court may take judicial notice of the Final Approval Order, and other filings made in the *Farris* case. *See* Fed. R. Evid. 201(b)(2); *see also*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records"); *Williams v. Paramount Invs. LLC*, No. 3:22-cv-634, 2022 U.S. Dist. LEXIS 150729, (RCY) (E.D. Va. August 22, 2022) (taking judicial notice of Suffolk General District Court records).

After granting preliminary approval of the settlement agreement, certifying the settlement class, approving a class notice, and holding a fairness hearing, the court in *Farris* ultimately entered an order granting final approval of the settlement on October 25, 2021 (the "Final Approval Order"). *See* **Exhibit B**.

Paragraph 2 of the Final Approval Order states that, "This Final Approval Order incorporates and makes a part hereof the Settlement Agreement and the Court's findings and conclusions contained in its Preliminary Approval Order."

The Settlement Agreement incorporated into and made a part of the Final Approval Order specifically addresses the potential for disputes regarding the division of the fee award amongst plaintiff's counsel at paragraph 90, and specifies that the "Court" will determine such disputes:

> 90. Lead Class Counsel will, in a manner that Lead Class Counsel in good faith believes reflects the respective contributions of Plaintiff's Counsel to the prosecution and Settlement of the Lawsuit, allocate and distribute among Plaintiff's Counsel and any other counsel, if applicable, the fees and reimbursed expenses that they receive pursuant to the Class Fee and Expense Order. ***Disagreements, if any, among Plaintiff's Counsel and any other counsel, if applicable, relating to their respective shares of any such fee and expense award will have no impact on the effectiveness or the implementation of this Settlement Agreement, nor will such disagreements increase, modify, or otherwise affect the obligations imposed upon USFL by this Settlement Agreement. Any such disagreements will be resolved by the Court***.

*See* **Exhibit A** (emphasis added).

The definitions section of the Settlement Agreement also states that "'Court' means the United States District Court for the Southern District of Ohio." *Id.* at ¶ 24. Reading paragraph 2 of the Final Approval Order and paragraph 90 of the Settlement Agreement together, it is clear that the Southern District of Ohio retained jurisdiction to decide the instant fee dispute. The claims asserted in GMA's Complaint plainly constitute

4

a "disagreement… among Plaintiff's Counsel and any other counsel, if applicable, relating to their respective shares of any such fee and award…" and "any such disagreements will be resolved by the Court." *Id.*

To the extent there is any doubt that the Southern District of Ohio intended to retain exclusive jurisdiction, such doubt is resolved by further reference to paragraphs 20 and 21 of the Final Approval Order. Those paragraphs expressly state that the Court's broad retention of jurisdiction is exclusive:

> 20.   For the benefit of the Settlement Class Members, ***this Court retains exclusive continuing jurisdiction*** over the administration, implementation, interpretation, and enforcement of the Settlement Agreement and this Order and Final Judgment.
>
> 21.   Nothing in this Final Approval Order shall preclude any action to enforce the Settlement Agreement or interpret the terms of the Settlement Agreement. Any action which seeks to enforce or interpret the terms of the Settlement, or which seeks to interpret or avoid in any way any legal consequences of or the effect of the Settlement Agreement, the Preliminary Approval Order, this Final Approval Order, the Permanent Injunction contained herein, or the Release contained in the Settlement Agreement ***shall be brought solely in this Court***.

*See* **Exhibit B** (emphasis added). Because jurisdiction over this matter has been established and exclusively reserved by the Southern District of Ohio, venue is improper in the Eastern District of Virginia.

Transfer is particularly appropriate here where the Southern District of Ohio is the only appropriate forum to hear this matter. As set forth above, Judge McFarland expressly retained jurisdiction over the *Farris* settlement agreement and final approval order, including any dispute over attorney's fees. The Fourth Circuit Court of Appeals has upheld such a retention of jurisdiction over attorney's fees disputes by a court that approved a class action settlement agreement. *See* M*arino v. Pioneer Edsel Sales, Inc.*,

5

349 F.3d 746, 752–53 (4th Cir. 2003) (citing *Kokkonen v. Guardian Life Insurance Co.*, 151 U.S. 375 (1994)).

In *Marino*, a disgruntled California lawyer, Antionette Marino, sought to recover fees from Pioneer Edsel Sales, Inc., one of many Honda dealers that had filed suit against American Honda Motor Company asserting RICO claims. *Id.* at 748–52. Several such cases, including a class action case, were consolidated through the MDL panel and assigned to Judge Motz of the United States District Court for the District of Maryland, who ultimately approved a class action settlement and entered a final approval order in which he retained exclusive jurisdiction over the settlement agreement and final approval order, including disputes over attorney's fees. *Id.* at 747–49. After Marino filed suit in California state court, Pioneer Edsel filed a motion in the United States District Court for the District of Maryland seeking to have Judge Motz adjudicate the fee dispute pursuant to the provisions of the class action settlement and final approval order retaining such jurisdiction. *Id.* at 750–51. Judge Motz found that Marino did not perform any compensable work for the benefit of the class and that her contract with Pioneer Edsel had been voided by virtue of the class settlement agreement. *Id*. at 751. On appeal, Marino argued that Judge Motz lacked jurisdiction over the dispute. *Id.* The Fourth Circuit disagreed, holding that due to the retention language in the settlement agreement and final order, Judge Motz "unquestionably had jurisdiction over Marino's claim…[and] it was incumbent upon Judge Motz to resolve the dispute." *Id*., at 752–53. In reaching this decision, the Fourth Circuit noted that its decision was consistent with its recent holding in *Miller v. Brooks (In re Am. Honda Motor Co.)*, 315 F.3d 417 (4th Cir. 2003), that affirmed Judge Motz's issuance of an injunction pursuant to the All Writs Act

against other proceedings that would have required an arbitrator to interpret the same class action settlement agreement and final settlement approval order at issue in *Marino*. *Id*. at 753.

Because Judge McFarland, like Judge Motz, retained exclusive jurisdiction over attorney's fees disputes in the *Farris* Class Action Settlement and Final Approval Order, GMA's dispute must be heard by Judge McFarland in the Southern District of Ohio. Indeed, under these facts it would be appropriate for Judge McFarland to issue an injunction against other proceedings that would require another forum to consider his Final Approval Order and interpret the *Farris* Settlement Agreement because such an injunction would be necessary to prevent a direct frustration of the Settlement Agreement and Final Approval Order. *Id*. at 753–54.

Although dismissal without prejudice would be appropriate, Beasley Allen submits that a transfer to the Southern District of Ohio is a more efficient resolution. Pursuant to 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Transfer to the Southern District of Ohio would further the interests of justice while preserving the resources of the courts and the parties.

### II. In the alternative, transfer to the Southern District of Ohio is appropriate pursuant to 28 U.S.C. § 1404(a).

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

A.      This case could have been brought in the Southern District of Ohio.

Plainly GMA could have brought this action in the Southern District of Ohio, as required by § 1404(a). First, based on the Court's express, broad, retention of jurisdiction, including over fee disputes, there is no doubt that GMA could have brought this action in the Southern District of Ohio.

Second, GMA alleges that it was "co-counsel," "co-counsel of record," and "counsel of record" in the *Farris* case. (*See, e.g.*, Compl. ¶¶ 7, 15, 19, 30). GMA alleges that the oral agreement it seeks to enforce was specifically for class action cases. (Compl. ¶ 7). As "counsel of record" in a class action case, GMA cannot in good faith argue that the Court that approved the settlement and retained jurisdiction over fee disputes is not a forum where this action could have been brought.

B.      The interests of justice and convenience of parties and witnesses warrant transfer to the Southern District of Ohio.

The second prong of the Section 1404(a) analysis is also satisfied here with the interests of justice and convenience of the parties and witnesses being best served by a transfer of this case to the Southern District of Ohio. Four factors guide the Court's analysis, each of which is either neutral, or weighs in favor of transfer. The Court must consider: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

With respect to the first factor, GMA has filed this action in its home state, far from the home of Beasley Allen, in Alabama, far from the location where the case was filed, in Cincinnati, Ohio, and far from where any relevant witnesses, other than GMA,

8

reside. As set forth above, Virginia is not a proper forum in light of the Southern District of Ohio's retention of jurisdiction in this matter, which should be honored by this Court even if it finds that retention was not exclusive, despite plain language indicating that Judge McFarland intended his continuing jurisdiction to be exclusive and to extend to attorney's fee disputes. For these reasons, the Plaintiff's choice of forum should be accorded little weight in this case. This factor is neutral at best, but arguably should be disregarded given the retention of jurisdiction by the Southern District of Ohio.

The second and third factors—convenience of the parties and witnesses—favor transfer. The parties will be able to present their case more efficiently to Judge McFarland in Ohio. Judge McFarland presided over this case for over four years and has firsthand knowledge of numerous facts relevant to this dispute, including the basis for his fee award, which attorneys appeared before him, and which attorneys performed the legal work on behalf of the class. Local Counsel for the plaintiff class, the law firm of Goldenberg Schneider, LPA, is based in Cincinnati, Ohio and its attorneys are likely to be important witnesses in the case, as they will have firsthand and impartial knowledge regarding the work of the attorneys involved and other facts relevant to the dispute, including their understanding of the terms of any agreement between the firms representing the class. Plaintiff Vivian Ferris, a resident of Jackson, Mississippi is also likely to be a relevant and important witness. She will have knowledge of the extent to which GMA worked on her case and will have important knowledge regarding issues that bear on the enforceability of the oral contract GMA has sued upon. For example, Mrs. Farris will know whether the alleged fee sharing agreement was properly disclosed and agreed to by her in advance and in accordance with Rule 1.5 of the applicable state's

9

Rules of Professional Conduct. Other likely witnesses include employees of Beasley Allen, who reside in Montgomery, Alabama. Accordingly, Virginia is not a convenient forum for likely third-party witnesses or Beasley Allen. The Southern District of Ohio is more convenient for Beasley Allen, Mrs. Farris, and Goldenberg Schneider, LPA than a Virginia forum, which is convenient only to GMA. These factors thus weigh in favor of transfer.

The fourth and final factor—the interest of justice—weighs heavily in favor of transfer as well. As this court has recognized, "Section 1404(a) is generally intended to avoid a multiplicity of litigation resulting from a single transaction or event." Here Judge McFarland has previously ruled upon a motion for approval of attorney's fees in this case—a case in which GMA insists it was counsel of record. Judge McFarland has previously approved a fee application that included $61,029.82, in costs incurred by GMA.

As the noted by the Court of Appeals for the Fourth Circuit in *Marino v. Pioneer Edsel Sales, Inc*., *supra*:

> To be sure, in a class action, whether the attorney's fees come from a common fund or are otherwise paid, the district court must exercise its inherent authority to assure that the amount and mode of payment of attorney's fees are fair and proper. Thus, when a dispute concerning attorney's fees arises, the district court must have continuing jurisdiction to resolve the dispute in order to protect the continued integrity of its order approving fair and reasonable fees in the first instance. Moreover, just resolution of the issues raised by attorney's fees disputes requires both an intimate working knowledge of what occurred during the course of the class action and a uniform dispute resolution process. These are the very reasons the parties in the Honda Class Action provided for continuing jurisdiction in the Borman Settlement Agreement and the October 9, 1998 Order of Final Settlement Approval.

*Marino v. Pioneer Edsel Sales, Inc*., 349 F.3d at 753.

Judicial economy and the interests of justice favor transferring this case to the Court that previously approved the fee award and is best positioned to make any further ruling on the division of the fee award.

## **CONCLUSION**

For the foregoing reasons, Beasley Allen respectfully requests that this action be dismissed without prejudice, or in the alternative, that it be transferred in its entirety to the United States District Court for the Southern District of Ohio.

October 18, 2022

                                      Respectfully Submitted,

                                      **BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**

                                      By:*/s/ Edward E. Bagnell, Jr.*
                                      Edward E. Bagnell, Jr. (VSB # 74647)
                                      ebagnell@spottsfain.com
                                      Christopher W. Bascom (VSB # 87302)
                                      cbascom@spottsfain.com
                                      SPOTTS FAIN, P.C.
                                      411 E. Franklin Street, Suite 600
                                      Richmond, VA 23219
                                      Telephone: (804) 697-2000
                                      Facsimile: (804) 697-2100
                                      *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served a copy by hand-delivery and email to the following:

    William D. Bayliss, Esq. VSB #13741
    bbayliss@williamsmullem.com
    Brendan D. O'Toole, Esq. VSB #71329
    botoole@williamsmullen.com
    Joseph E. Blackburn, III, Esq. VSB #81871
    jblackburn@williamsmullen.com
    WILLIAMS MULLEN
    200 South 10th Street, Suite 1600
    Richmond, VA 23219
    Telephone: (804) 420-6000
    Fax: (804) 420-6507
    *Counsel for Geoff McDonald & Associates, P. C.*

    By:*/s/ Edward E. Bagnell, Jr.*
    Edward E. Bagnell, Jr. (VSB # 74647)
    ebagnell@spottsfain.com
    Christopher W. Bascom (VSB # 87302)
    cbascom@spottsfain.com
    SPOTTS FAIN, P.C.
    411 E. Franklin Street, Suite 600
    Richmond, VA 23219
    Telephone: (804) 697-2000
    Facsimile: (804) 697-2100
    *Counsel for Defendant*